UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Chalee A. White,                                    Case No. 3:16-cv-1895

        Plaintiff

    v.                                              MEMORANDUM OPINION

Commissioner of Social Security,

        Defendant

## I.   INTRODUCTION

Before me is the Report and Recommendation ("R & R") of Magistrate Judge David A. Ruiz, recommending I affirm the Commissioner's final decision to deny Plaintiff Chalee A. White's application for Supplemental Social Security Income. (Doc. No. 17). White filed objections to Judge Ruiz's recommendation. (Doc. No. 18). The Commissioner filed a response to White's objections. (Doc. No. 19).

## II.   BACKGROUND

After reviewing the R & R, and hearing no objection to these sections by White, I hereby incorporate and adopt, in full, the "Procedural History," "Personal Background Information," "Relevant Medical Evidence," and "ALJ's Decision" set forth in the R & R. (Doc. No. 17 at 2-12).

## III.   STANDARD

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

The district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

## IV. DISCUSSION

White set forth three objections to the R & R. (Doc. No. 18). First, White challenges whether the ALJ properly applied the treating physician rule to her treating endocrinologist's opinion. Second, she challenges whether the ALJ gave proper consideration to the opinion of a treating Certified Nurse Specialist ("CNS"). Lastly, White alleges the ALJ erred in his assessment of her subjective symptoms.

### A. TREATING PHYSICIAN OPINION

White alleges Judge Ruiz erred in concluding the ALJ had given "good reasons" for the weight given to the medical opinion, when the ALJ had not *explicitly* considered each factor in the regulation. But "[t]he ALJ need not perform an exhaustive, step-by-step analysis of each factor; [he] need only provide 'good reasons' for both [his] decision not to afford the physician's opinion controlling weight and for [his] ultimate weighing of the opinion." *Biestek v. Comm'r of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017); *see also* 20 C.F.R. § 416.927(c)(2). On independent review, I agree with Judge Ruiz's conclusion that the ALJ properly applied the treating physician rule by implicitly

2

considering the required factors and conclude there is substantial evidence to support the ALJ's decision not to give the opinion controlling weight.[1] Therefore, this objection is overruled.

B. **CERTIFIED NURSE SPECIALIST OPINION**

White concedes the CNS opinion is not an "acceptable medical source." (Doc. No. 18 at 7). But she argues the ALJ did not properly consider the opinion, alleging the ALJ did not cite to the record when articulating the reasons for giving the opinion little weight or give credit to the treatment relationship and the nature of mental health issues. This is simply not true. The ALJ thoroughly discussed the treatment relationship between White and the CNS. (Doc. No. 10-2 at 56-57). The ALJ also noted the inconsistencies between the CNS's opinion and that of other medical opinions in the record. (*Id.* at 57-58). Finally, the ALJ cited to details discussed earlier in the decision to explain the little weight given to the CNS's opinion, in light of the extensive "treating relationship" and the "unique perspective" the CNS brought to the medical evidence. (*Id.* at 68). Because this objection is contrary to the record, I overrule it as meritless.

C. **SUBJECTIVE SYMPTOMS**

In the third objection, White merely reargues the claim before Judge Ruiz, alleging the ALJ failed to consider the entire record when considering her subjective symptoms. In support, she contends one form was omitted from consideration of her objective symptoms. On this form, the physician circled "Yes" next to the following two questions:

> (1) Can uncontrolled or poorly controlled blood sugars contribute to feelings of nausea, lightheadedness, headaches, and fatigue?
> (2) Could Ms. White's diabetic condition cause these symptoms at times, affecting her ability to maintain a regular work scheduled such that she might miss work or leave early more than one to two days a month due to this medical condition?

---

[1] White briefly contests the ALJ's conclusion with regard to one factor: "supportability." (Doc. No. 18 at 4-5). But she herself notes that there is record evidence indicating she did not strictly adhere to the proscribed treatment regimen. Even though White provides evidence of the opposite conclusion, as well, this does not negate the fact that the ALJ's decision was based on "substantial evidence." *See Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007) ("If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion.").

3

(Doc. No. 10-2 at 1486).

There is no dispute that White had the underlying condition which would cause the symptoms in question. The ALJ's remaining duty was to assess "the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *see also* 20 C.F.R. § 416.929(a). The form says nothing about whether White had experienced these symptoms, let alone evince the intensity, persistence, and limiting effects the symptoms had on White. Instead, as noted by the ALJ when considering this evidence, the form's conclusions are "vague" and "speculative." (*Id.* at 61-62). Therefore, because the form provided no evidence about "the intensity, persistence, and limiting effects of the symptoms on the individual's ability to do basic work activities," it was immaterial to the analysis of White's subjective symptoms. White's final objection alleging the ALJ failed to properly consider the record is overruled, accordingly.

## V.     CONCLUSION

For the foregoing reasons, all of White's objections are overruled. (Doc. No. 18). Adopting Judge Ruiz's R & R, in full, I affirm the Commissioner's decision. (Doc. No. 17).

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge